IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| DANIEL A. BARNES, ) | Civil Action No. 3:04-21836-CMC-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| JOHN OZMINT; ) | |
| MR. CSER; ) | |
| MR. POWELL; ) | |
| LT. RICE; CORPORAL LITTLETON, ) | |
| CORPORAL FULLER; ) | |
| CAPTAIN NETTLES; AND ) | |
| CORPORAL GUY, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendants. ) | |
| ) | |

Plaintiff filed this action on April 5, 2004.[1] His allegations concern incidents that occurred while he was an inmate at the Lieber Correctional Institution ("LCI") of the South Carolina Department of Corrections ("SCDC"). He is currently an inmate at the McCormick Correctional Institution of SCDC. Defendants, John Ozmint ("Ozmint"), Mr. Cser ("Cser"), Mr. Powell ("Powell"), Lt. Rice ("Rice"), Corporal Littleton ("Littleton"), Corporal Fuller ("Fuller"), Captain Nettles ("Nettles"), and Corporal Guy ("Guy"), were all employees of SCDC at the time of the alleged incidents. On March 15, 2005, Defendants filed a motion to dismiss or for summary judgment. Plaintiff, because he is proceeding pro se, was advised on May 26, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion for summary judgment with additional evidence or counter-affidavits could

---

[1]Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(e), DSC. Because these are dispositive motions, this report and recommendation is entered for review by the court.

result in the dismissal of his complaint. Plaintiff did not file a response to the <u>Roseboro</u> order. On July 6, 2005, the undersigned filed a second order allowing Plaintiff an additional fifteen days in which to advise the Court whether he wished to continue to prosecute this action. Plaintiff filed a response on July 13, 2005.[2]

## DISCUSSION

Plaintiff appears to allege that Defendants failed to protect him from a sexual assault by his cell mate Kelvin Bright ("Bright"); Defendants failed to fully investigate the alleged sexual assault; Defendants improperly handled disciplinary violations; and Defendants failed to properly address his stolen property claims.

Defendants argue that their motion to dismiss or for summary judgment should be granted because: (1) Plaintiff failed to properly serve Defendants; (2) Defendant Ozmint cannot be held liable on a theory of supervisory liability; (3) Defendants are entitled to qualified immunity; (4) Plaintiff fails to show that Defendants were deliberately indifferent to his safety concerning the alleged sexual assault; and (5) all claims against Lieutenant Rice concerning stolen property should be dismissed because Plaintiff's alleged injury is de minimis and he has failed to exhaust his

---

[2]In his response, Plaintiff complains that Defendants' counsel did not file his pleading with the court. It is Plaintiff's responsibility, not the Defendants, to file Plaintiff's pleadings with the court. Additionally, Plaintiff is responsible for serving Defendants' counsel with a copy of each pleading he files. The Federal Rules of Civil Procedure provide:
> Except as otherwise provided in these rules, every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders…, every paper relating to discovery required to be served upon a party unless the court otherwise orders,… shall be served upon each of the parties.

Fed. R. Civ. P. 5(a). Additionally, "[a]ll papers after the complaint required to be served upon a party, together with a certificate of service, must be filed with the court within a reasonable time after service…." Fed. R. Civ. P. 5(d).

administrative remedies as to his property claim. In his motion in opposition to summary judgment, Plaintiff states:

> The Plaintiff objects to Defendant[s'] motion to dismiss "with prejudice" because, Plaintiff was indeed sexually assaulted on the night of October 19th 2003. Further[,] Plaintiff has supposedly failed to adequately exhaust his administrative remedies. Therefore, Plaintiff respectfully prays this Honorable Court dismiss this action "without prejudice" to give Plaintiff reasonable opportunity to present his case under the negligence claim by and through state court.

Plaintiff's July 13, 2005 Motion in Opposition to Defendants' Motion to Dismiss at 1.

    1.    <u>Service</u>

Defendants argue that this action should be dismissed with prejudice for Plaintiff's failure to properly serve them. Defendants Nettles, Cser, Rice, and Fuller argue that the summonses issued for them were not served and were returned unexecuted. Defendants Powell, Littleton, Ozmint, and Guy argue that service was not proper because service was not made on them individually, but through SCDC Legal Office administrative assistant Denise Cannarella.[3]

The summonses issued for Defendants Cser, Nettles, Rice, and Fuller were returned unexecuted in September and November 2004. <u>See</u> Docs. 13, 14, 15, and 18. On December 9, 2004, Plaintiff was warned that these Defendants might be subject to summary dismissal if he could not show they were properly served. Plaintiff was reminded that he could use discovery devices to obtain information necessary to serve these Defendants and that it was his obligation to notify the U.S. Marshal of the address(es) and provide completed form(s) (USM-285) for service. The time for service was extended to January 17, 2005. <u>See</u> December 9, 2004 Order.

---

[3] It is unclear whether or not Cannarella was an agent authorized to accept service on behalf of these Defendants. <u>See</u>, e.g., fax from Cannarella to U.S. Marshal's service dated 10/14/04. Attachment to Doc. 18.

3

Federal Rule of Civil Procedure 4(m) states in part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time….

Further, Local Rule 4.01, DSC provides:

> In the event a pleading asserting a claim is not served on each party against whom a claim is asserted within one hundred twenty (120) days after filing of the pleading, the party asserting a claim shall advise in writing the Court and all parties previously served at the expiration of said one hundred twenty-day (120) period of the identity of the party not served and why service has not been effected.

There is no indication that these Defendants were served. It is, therefore, recommended that Defendants Cser, Nettles, Rice, and Fuller be dismissed without prejudice.

2.     Failure to Protect

Plaintiff alleges that he was sexually assaulted by inmate Bright on October 19, 2003. Defendants argue that Plaintiff's claim should be dismissed because Plaintiff has not alleged sufficient facts to show that Defendants were subjectively aware of a risk to Plaintiff from inmate Bright.

Deliberate or callous indifference on the part of prison officials to a specific known risk of harm states an Eighth Amendment claim. Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir. 1987). Not every injury suffered by one inmate at the hands of other inmates, however, translates into constitutional liability for the prison officials responsible for the victim's safety. See Farmer v. Brennan, 511 U.S. 825, 835 (1994). In Farmer, the Supreme Court defined deliberate indifference, holding that "a prison official may be held liable under the Eighth Amendment for

denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id., at 847.  The test is not whether an official knew or should have known of the possibility of harm, but whether he did, in fact, know of it and consciously disregarded that risk.  "[T]he official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id., at 837.  While the objective information known to the official may be used to infer the knowledge he actually had, and to draw inferences about his actual state of mind, those inferences are not conclusive.  Further, the Eighth Amendment is not violated by the negligent failure to protect inmates from violence.  Whitley v. Albers, 475 U.S. 312, 319 (1986); Moore v. Winebrenner, 927 F.2d 1312 (4th Cir. 1991), cert. denied, 502 U.S. 828 (1991); Pressly, supra.

Plaintiff has not shown that Defendants knew of a specific risk to Plaintiff from inmate Bright prior to the alleged incident, that he was subject to a specific threat, that the risk of attack at LCI was pervasive, or that he was in a class particularly vulnerable to assault.  See Farmer, supra; Randolph v. State of Maryland, 74 F. Supp. 2d 537, 543 (D.Md. 1999).[4]  Plaintiff explains that he determined on his own that it was not feasible to seek a cell change or make complaints to prison officials between October 17, 2003, when Bright became his cell mate, and the alleged attack on October 19, 2003.  Complaint at 1.  Plaintiff states that he informed Powell, the Internal Affairs Investigator, about another inmate allegedly raped by Bright (Complaint at 6), but he

---

[4]To the extent that Plaintiff is attempting to allege that Defendants failed to protect him after the alleged sexual assault, his claim fails because he has not alleged any injuries.  See Norman v. Taylor, 25 F.3d 1259, 1263-64 (4th Cir. 1994), cert. denied, 513 U.S. 1114 (1995).

5

admits that he did not meet with Powell until after he was allegedly raped.  Complaint at 6, see Powell Aff.  Plaintiff had no previous contact with Littleton or Fuller concerning the alleged sexual assault until after the incident.  Complaint at 5; Fuller and Littleton Affs.  The allegations concerning Nettles also occurred after the alleged assault.  Complaint at 7.  Guy is identified by Plaintiff as the prison guard who conducted rounds on cells on the evening of the alleged rape.  See Complaint at 2.  There is no indication that Plaintiff notified or told Guy of any threats of violence from Bright.  Plaintiff alleges that Bright used a flap on the cell door so that Guy would not hear the events.  Even if a flap was used in violation of prison policy, there is no indication that Guy knew of the flap's use or was deliberately indifferent to Plaintiff's safety.

To the extent that Plaintiff is attempting to assert a negligence claim under § 1983, his claim fails.  Negligence, in general, is not actionable under 42 U.S.C. § 1983.  See Daniels v. Williams, 474 U.S. 327, 345-48 (1986); Ruefly v. Landon, 825 F.2d 792, 798-94 (4th Cir. 1987); and Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995).

3.     Property Claims

Plaintiff appears to allege that certain of his personal property was stolen on March 23 and 31, 2004.  Complaint at 10-12.[5]  He alleges that Rice failed to properly write up a request

---

[5]Plaintiff also alleges that Defendant Rice has "an extremely nasty attitude" and is prejudiced against white people (Plaintiff is white).  Complaint at 13.  He also claims that Defendant Nelson is prejudiced against white people and is "known" to open the doors of white men's cells for his "home boys" to steal things. Complaint at 13.  Although racial discrimination claims are actionable, Henry v. Van Cleve, 469 F.2d 687 (5th Cir. 1972), merely conclusory allegations of discrimination (such as are presented here) are insufficient to state a claim. Chapman v. Reynolds, 378 F. Supp. 1137 (W.D. Va. 1974)("[A]bsent some factual evidence the court will not look behind the determinations of prison officials on mere accusations that they are racially motivated.").

6

for an incident report concerning the property in question.  Defendants argue that these claims should be dismissed because Plaintiff's alleged injury is de minimis and Plaintiff has not exhausted his administrative remedies as to this claim.[6]

Allegations that SCDC defendants have not followed their own policies or procedures, standing alone, do not amount to constitutional violations.  See United States v. Caceres, 440 U.S. 741 (1978); see also Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990)(if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue); Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C. 1992)(violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983).  Further, negligent deprivations of personal property do not support an

---

[6]This report and recommendation addresses this claim on the merits.  Alternatively, it is recommended that this claim be dismissed because Plaintiff has not exhausted his administrative remedies.  "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.  Porter, 534 U.S. at 532.

The Fourth Circuit, in Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674 (4th Cir. 2005), recently held that an inmate's failure to allege exhaustion does not constitute failure to state a claim and the failure to exhaust is an affirmative defense that should be pleaded or otherwise properly raised by the defendant.  That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies." Id. at 683.  Plaintiff stated in his Complaint that he filed a grievance, but there is no indication that he exhausted his administrative remedies as to the issue.  Complaint at 13.  Defendants have now raised the issue of exhaustion as to this claim, and Plaintiff has provided no further information that he has exhausted his administrative remedies concerning the alleged theft and failure to file a report.

action for damages under 42 U.S.C. § 1983.  See Daniels v. Williams, 474 U.S. at 328-36 & n. 3.

    4.    Disciplinary Hearing

Plaintiff discusses a disciplinary hearing (in which he apparently was convicted of failing to obey an order), but it is unclear whether he is asserting any claims concerning the hearing.[7]  To the extent Plaintiff is complaining about disciplinary proceedings, or the outcome of any disciplinary proceedings, those claims should be dismissed sua sponte as they are barred by Heck v. Humphrey, 512 U.S. 477 (1994)[8] and  Edwards v. Balisok, 520 U.S. 641 (1997)(Heck precludes a § 1983 claim in a prison disciplinary hearing which has not been previously invalidated, where the challenge would necessarily imply the invalidity of the deprivation of good-time credits); see also Kerr v. Orellana, 969 F. Supp. 357 (E.D.Va. 1997)(holding that prisoner's § 1983 claim for monetary damages and injunctive relief related to his disciplinary hearing was precluded under Heck).  Plaintiff has not shown he successfully attacked any disciplinary hearing conviction.  Plaintiff cannot maintain a § 1983 action, whether for restoration of good time credits, monetary damages, or injunctive relief related to the hearing, if a judgment in his favor would necessarily imply the invalidity of the outcome of the disciplinary proceeding.  Here, the awarding

---

[7]Plaintiff appears to assert claims against a number of persons who have not been named as Defendants in this action.

[8]The Supreme Court, in Heck v. Humphrey, 512 U.S. 477 (1994) determined that where a prisoner files an action under § 1983 which would necessarily implicate the validity of his conviction, he may not pursue the damages claim unless and until he successfully attacks the conviction on which his suit is based.

8

of damages and/or injunctive relief to Plaintiff would necessarily imply the invalidity of the outcome of his disciplinary hearing and thus his claim is barred under Heck and Balisok.[9]

     5.    Respondeat Superior

Defendant Ozmint argues that he cannot be held vicariously liable or liable on the basis of a failure to adequately supervise or control. The doctrine of respondeat superior generally is inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom which results in illegal action. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Fisher v. Washington Metro Area Transit Authority, 690 F.2d 1133, 1142-43 (4th Cir. 1982). Higher officials may be held liable for the acts of their subordinates, however, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization. Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984), cert. denied, Reed v. Slakan, 470 U.S. 1035 (1985).

Plaintiff has not alleged that Ozmint was personally responsible for the alleged incidents. Further, Plaintiff has not shown that Ozmint was deliberately indifferent to, or tacitly authorized,

---

[9]To the extent Plaintiff is complaining about his prison placement or classification level, his claim fails. Prisoners do not have a constitutionally recognized liberty interest in a particular security classification or prison placement. Hewitt v. Helms, 459 U.S. 460, 468 (1983)(no constitutional right under the Due Process Clause to a particular security classification or prison placement). An inmate does not have a constitutional right to be confined in a particular location. See Olim v. Wakinekona, 461 U.S. 238 (1983); Meachum v. Fano, 427 U.S. 215 (1976). In Sandin v. Conner, 515 U.S. 472 (1995), the United States Supreme Court held that a change in the condition of a prisoner's confinement that does not exceed the scope of the original sentence gives rise to a federally-protected liberty interest only if it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 483.

any of the alleged actions or inactions. Thus, Plaintiff fails to show that Defendant Ozmint is liable on a theory of respondeat superior or supervisory liability.

      6.    <u>Immunity</u>

Defendants argue that they are entitled to qualified immunity. The Supreme Court in <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether a defendant is protected by qualified immunity.

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

<u>Harlow</u>, 457 U.S. at 818.

The Court of Appeals for the Fourth Circuit has stated:

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." Moreover, "the manner in which this [clearly established] right applies to the actions of the official must also be apparent." As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

<u>Wiley v. Doory</u>, 14 F.3d 993 (4th Cir. 1994)(internal citations omitted), <u>cert. denied</u>, 516 U.S. 824 (1995). As discussed above, Plaintiff fails to show that Defendants violated any of his clearly established constitutional or statutory rights. Therefore, Defendants are entitled to qualified immunity in their individual capacities.

10

      7.      <u>State Claims</u>

Plaintiff appears to assert claims under South Carolina law. Any such claims are based on state law and premised on supplemental jurisdiction. As Plaintiff fails to show that Defendants violated his rights under § 1983 (as discussed above), only his state law claims would remain. Thus it is also recommended that, pursuant to 28 U.S.C. § 1367(c)(3), any remaining state law claims be dismissed.

CONCLUSION

Based upon review of the record, it is recommended that Defendants Nettles, Cser, Rice, and Fuller be dismissed without prejudice for Plaintiff's failure to serve these Defendants; Defendants' motion for summary judgment (Doc. 29) be granted; and any remaining state claims be dismissed.

                                                Respectfully submitted,

                                                s/Joseph R. McCrorey
                                                United States Magistrate Judge

November 7, 2005
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

# Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
# &
# The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. *** This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. *** We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. *** A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, *supra*,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201